T.C. Memo. 1999-106

UNITED STATES TAX COURT

FRANCIS RAY HASKINS, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20279-97.                    Filed April 1, 1999.

Francis Ray Haskins, pro se.

Charles J. Graves, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, Judge:  Respondent determined deficiencies in
petitioner's Federal income tax and additions to tax for the
1993, 1994, and 1995 taxable years, as follows:

|  |  | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654(a) |
| 1993 | $32,768 | $8,192 | $1,373 |
| 1994 | 5,898 | 1,475 | 306 |
| 1995 | 6,390 | 1,598 | 346 |

At trial, respondent sought an increase in petitioner's income tax deficiency and increases in the additions to tax under sections 6651(a)(1) and 6654(a).  The basis for the increase was an additional $70,162.65 of income reflected on a Form 1099-MISC (Miscellaneous Income) from Mt. Hope Trucking, Inc., for petitioner's 1994 tax year that had not been included in the notice of deficiency.  Petitioner conceded that he received all amounts determined by respondent, including the increased amount from Mt. Hope Trucking, Inc., for 1994, but he contends that no portion of the amounts received is taxable to him.  The issues, as posed by petitioner, are (1) whether there are any provisions of the Internal Revenue Code that classify petitioner as a taxpayer or require him to file a return; (2) whether respondent must provide reference to the statutory requirements to petitioner before he is required to file a return and/or be liable for a Federal tax; and (3) whether, as a resident of the State of Kansas, petitioner is entitled to claim that he is a nonresident alien and not subject to Federal tax.

FINDINGS OF FACT

Petitioner resided in Wichita, Kansas, at the time his petition was filed.  He attempted to file Forms 1040NR (U.S. Nonresident Alien Income Tax Returns) showing zero income even though he attached Forms 1099-MISC reflecting the payment to him of "Nonemployee compensation" for 1993 and 1994.  For the 1993 tax year, petitioner provided the following explanation:

I am a natural born free Citizen/National of Kansas Republic, thus our United States of America. I have never lived in Washington, D.C. or the territories and I am not a federal employee. At no time during the tax year was I in the United States.

I am presently at 8555 Katherine, Wichita, Kansas and have resided at this address for the entire * * * tax year.

Petitioner received nonemployee compensation from trucking companies for 1993, 1994, and 1995 in the amounts determined by respondent and in the increased amount described above for 1994.

OPINION

Petitioner seeks to avoid the incidence of Federal income tax by advancing arguments that have been unsuccessfully advanced by other taxpayers. He concedes that he received the amounts designated by others as "nonemployee compensation", but he contends that he is not subject to tax. There is no controversy about petitioner's sincerity or motive(s) for avoiding Federal tax.[1] Simply, we must decide whether petitioner's legal positions are sufficient.

Petitioner is not the first to pose such arguments in the quest to avoid Federal income tax. He contends that he is not a citizen of the United States and that he is a citizen of Kansas only. Following this line of reasoning, he deems himself to be a nonresident alien vis-a-vis his relationship to the Federal Government. In Hacker v. Commissioner, T.C. Memo. 1994-488, we addressed this same argument as follows:

---

[1] No penalties or additions to tax have been determined or asserted that require such an inquiry.

> Petitioner's so-called legal arguments or positions
> were * * * concocted to avoid payment of tax * * * .
> Petitioner's legal argument is an insidious form of
> sophistry where he conglomerates material out of
> chronological, historical, and textual sequence solely
> to reach the conclusion that he does not have to pay
> tax. His attempt to convince us that he is a
> nonresident alien who did not earn income from domestic
> sources at a time when he resided and earned his income
> in the State of California falls short of even being
> specious and must fail. It would be wasteful to
> further elaborate or evaluate petitioner's contentions
> in this opinion. * * *

Likewise, petitioner here may be a citizen of Kansas, but he is also a citizen of the United States. The statutory material relied upon by petitioner and included in the record is no more convincing or authoritative than that cited in Hacker v. Commissioner, supra.

As to petitioner's contention that he is not required to file a return unless respondent can first demonstrate the legal foundation for such requirement, the cases addressing and rejecting that approach are numerous, and we need not waste time reciting or analyzing them here. In this case, petitioner admittedly failed to file returns. Respondent, based upon information provided by third-party trucking companies, determined that petitioner had income in each of 3 taxable years. Petitioner, although petitioning this Court, has not shown factual or legal error in respondent's determination of petitioner's correct income tax liability for the years in issue. In addition, respondent made a prima facie case for an increased deficiency for 1994 and petitioner has not come forward with evidence showing otherwise.

Having decided that petitioner's legal positions do not refute respondent's determination of income tax deficiencies, we next consider whether petitioner is liable for the additions to tax determined by respondent.[2] Petitioner admitted at trial that he did not file a Federal income tax return for the 1993, 1994, and 1995 tax years. Even if petitioner had contended that the Forms 1040NR he submitted for 1993 and 1994 should suffice to obviate the late filing addition for those years, attempts by citizens to file in the status of a nonresident alien do not constitute valid tax returns within the meaning of section 6651.[3] See, e.g., <u>Sherwood v. Commissioner</u>, T.C. Memo. 1997-26, affd. without published opinion 138 F.3d 953 (5th Cir. 1998). In addition, petitioner's legal positions do not suffice to justify his failure to file and he has not otherwise shown reasonable cause for his failure to file returns for 1993, 1994, and 1995. We accordingly hold that petitioner is liable for additions to tax under section 6651(a)(1) for late filing in 1993, 1994, and 1995.

Finally, respondent determined that petitioner is liable for additions to tax for failure to pay estimated tax. Petitioner has not shown any error in this determination. Therefore, we

---

[2] If we decide that the additions to tax are applicable for 1994, the amounts determined in the notice of deficiency must be increased to reflect the increased income tax deficiency shown by respondent.

[3] Section references are to the Internal Revenue Code as amended and in effect for the periods under consideration. Rule references are to this Court's Rules of Practice and Procedure.

hold that petitioner is liable for section 6654 additions to tax for failure to pay estimated tax in each of the taxable years 1993, 1994, and 1995.

To reflect the foregoing and to calculate increased amounts of income tax deficiency and additions to tax for 1994,

<u>Decision will be entered</u>

<u>under Rule 155.</u>